GILL MANUF'G CO. *v.* HURD.

(*Circuit Court, N. D. Ohio, W. D.* June Term, 1883.)

1. CONTRACT—WHAT NECESSARY TO CONSTITUTE—RULES GOVERNING IN CERTAIN CASES.

In order to constitute a contract, the minds of the parties must meet, and all the terms of the same be agreed to. If any part of a contract is not settled by the parties, or a mode agreed upon to settle it, as to that part there can be no contract.

2. SAME—CERTAIN RULES.

In determining what a contract is, the rule is to consider the negotiations passing between the parties. Their conversation in relation to it before completed, if the same is understood by the parties, shall be incorporated in the contract, even though such negotiations are not repeated at the time of its completion, and such previous understanding will constitute a part of it, unless changed or excluded at the time it may be so completed.

3. SAME—PERFORMANCE OF A CONTRACT—WHERE NO TIME IS FIXED.

Where no time is fixed for the performance of a contract, the law fixes a reasonable time in which it is to be performed; and so, where no agreement is made as to the manner of construction of an article contracted to be made, the law requires it to be made in a workmanlike manner, with good materials, and merchantable, and suitable for the purposes for which it was made.

4. SAME—RESCISSION OF CONTRACT.

A postal card from one party to a contract to the other, asking that nothing be done about building certain cars contracted to be built until further instructions, and setting the time within which such further instructions would be given, held, not to constitute a rescission of the contract, the same only amounting to a request to suspend the construction for the time named; and upon the failure of the first party, within the time named, to give further notice in a positive form not to construct, the second party had a right to go on with the work.

At Law.

W. I. Gilmore and Swayne, Swayne & Hayes, for plaintiff.

Scribner, Hard & Scribner, for defendant.

WELKER, J., (charging jury.) The plaintiff, an Ohio corporation, sues the defendant, a citizen of the state of Connecticut, and in its petition alleges that on the thirty-first day of March, 1880, it made a contract with the defendant to manufacture for the defendant, and deliver to him at its shops, in the city of Columbus, within a reasonable time thereafter, 100 merchantable box cars, to be painted white, and lettered as defendant might direct; that in consideration thereof the defendant agreed to pay the plaintiff the sum of $580 for each car, to be paid for on delivery, or a reasonable time thereafter; that the plaintiff purchased the materials for the cars, and immediately proceeded to construct the same, and within a reasonable time thereafter, to-wit, on the tenth of September, 1880, completed the same, except the lettering thereof, and was ready and willing to letter the same as directed by the defendant, and ready to deliver the same at its shops according to the contract on said tenth of September, 1880, of all which the defendant had due notice; that the defendant neglected and failed to inspect the cars or direct their lettering at the time of their completion, and neglected to accept and pay for the same, although duly notified of the completion of the cars; that thereupon the plaintiff sold the cars at the sum of $500 net, which was the highest price that could be obtained in the market. Plaintiff also alleges that it has been delayed in receiving its money, and put to great trouble and expense in repainting the cars, changing from white to merchantable color. It claims to have been damaged in the sum of $12,000, for which it asks judgment.

The defendant in his answer denies entering into any contract with the plaintiff for the manufacture of any box cars for him, and denies that the plaintiff manufactured any box cars for him. He admits there were some negotiations between them looking towards a possible contract for building box cars for him by the plaintiff, if they could agree upon terms and conditions upon which they should be built, but did not ripen into an agreement; that in the negotiations defendant

informed the plaintiff that if a contract was made he should require from the plaintiff a warranty from responsible parties that the wheels and springs of the proposed cars should continue serviceable for the period of five years; that no such warranty was ever given or tendered, nor were any specifications drawn or submitted to defendant therefor; that within a few days after said negotiations, and before any work was done by the plaintiff upon the cars alleged to have been manufactured, the defendant gave plaintiff written notice not to build any cars for him.

The plaintiff replies, denying that in the negotiations the defendant required a warranty for the wheels and springs as alleged, and denies that any specifications were to be drawn or submitted to the defendant. It also denies that at any time before work was commenced the defendant gave it written notice not to build any cars for him.

These pleadings form the issue you are to determine.

The first and leading question of fact for you to determine from the evidence is, was there a contract made between the parties, as alleged in the petition?

The plaintiff has the burden upon it to establish, by a fair preponderance of evidence, the making of the contract as it alleges. In order to constitute a contract, the minds of the parties must meet,—they must agree to the terms,—and both parties must understand, or should have understood from what passed between them, the terms of the agreement. If any part of the contract was not settled, or a mode agreed upon to settle it, as to that part there would be no contract.

In determining what the contract was the rule is to consider the negotiations passing between the parties. Their conversation in relation to it before completed, if the same is understood by the parties, shall be incorporated in the contract, even though such negotiations are not repeated at the time of its completion; and such previous understanding will constitute a part of it, unless changed or executed at the time it may be so completed.

It will be your duty to carefully consider all the evidence bearing upon the making of the alleged contract,—what was said between the parties, the telegrams and letters passing between them, the subsequent conduct of the parties, their relation to the subject-matter of the contract, and from this evidence determine whether a contract was made between these parties for the construction of the box cars as claimed by the plaintiff. This must be settled by you from the testimony you have heard in this case. Where no time is fixed for the performance of a contract, the law fixes a reasonable time in which it is to be performed. If no agreement was made as to the manner of the construction of the cars, the law requires them to be made in a workmanlike manner, with good materials, and merchantable, and suitable for the purpose for which they were to be used. If the cars were to be made like the one examined at Bridgeport, or like those running on the Erie Railway at that time, the plaintiff

would be required to make them substantially in the same manner as such cars were constructed. If the contract between the parties was that the plaintiff was to warrant by responsible parties the springs and wheels used in the cars for five years, the defendant was not bound to take the cars after they were made without such a warranty, and before the plaintiff can recover, it must show that such warranty was furnished the defendant. If the contract was that specifications for the cars should be drawn by the plaintiff, and submitted to the defendant for his approval, before commencing the construction, describing the mode and manner of their construction, then the plaintiff had no right to go on to build them for the defendant without such specifications being furnished and accepted. Whether either of these items constituted a part of the contract you must determine from the whole of the evidence; the burden being upon the plaintiff to show the contract as it states it, and the burden being upon the defendant to show that these particulars constituted a part of the contract.

As to the notice alleged by the defendant to have been given by him to the plaintiff not to manufacture the cars. If a valid contract was made between the parties for the building of the cars, the defendant had a right, at any time before the completion of the contract, to abandon the same on his part, by giving the plaintiff notice of such abandonment; being liable, however, for the breach of his contract, and for the damages the plaintiff might thereby sustain. The defendant must show that such notice was so given. To prove that notice, the defendant gives in evidence a postal-card, dated April 5, 1880, which reads as follows:

"I find I have some cars turned out of a line that I must place, and I don't quite see my way clear for the new ones; so please do not do anything about building them until I advise you,—say within three days."

This card was signed by the defendant, and directed to the president of the plaintiff, and by him received.

I direct you that this writing does not in law constitute a rescission of the contract, and does not prevent the plaintiff from proceeding to construct the cars. It only amounts to a request to suspend the construction for three days, within which the defendant would advise plaintiff in relation to the construction; and, failing within the time to give such further notice in a positive form not to manufacture, the plaintiff had a right to go on with the work.

If you find from the evidence that the contract as alleged by the plaintiff was not made, or if made, and the plaintiff did not substantially comply with the terms thereof, then you need proceed no further with your investigation, and your verdict should be for the defendant. If you find that the contract was made as alleged by the plaintiff, and the cars were substantially completed according to the terms thereof, and the defendant neglected or refused to receive and pay for them, the plaintiff is entitled to recover, and you will deter-

mine from the evidence the amount the plaintiff is entitled to recover.

After the cars were completed, and the defendant notified of such completion and requested to inspect, and accept them and pay therefor, if the defendant refused to receive and pay for them, the plaintiff had a right to sell them for what could be reasonably obtained for them, using all reasonable exertions to obtain the highest price, and if so sold by the plaintiff, the measure of its recovery will be the difference between the contract price and the sum realized therefrom, deducting from the proceeds of such sale the reasonable costs of making the sale, with interest from the time the cars were completed to the receipt of the proceeds on the contract price, and interest on the difference from the receipt to the first day of this term.

In this action the plaintiff is not entitled to recover for storage of the cars, or for the insurance thereof, because it does not sue for such damages.

Verdict for the plaintiff. Damages $6,000. Motion for a new trial overruled, and exceptions taken by defendant.

See *Austin* v. *Seligman, ante,* 519, and note, 523.