ANNIE LOWREY, Respondent, v. S. T. DAN-
FORTH, Appellant.

St. Louis Court of Appeals, June 10, 1902.

1. **Contract:** CONSTRUCTION OF CONTRACT. A contract com-
plete in itself is binding when nothing is left open to negotiation,
although it may contemplate a future instrument of more formal
character (following Green v. Cole, 103 Mo. 70).

2. **Release:** BAR TO ACTION ON NON-NEGOTIABLE NOTE:
PAYEE, RELEASE OF. In a suit on a non-negotiable note, de-
fendant set up a release by the original payee, before notice of as-
signment of the note to plaintiff. *Held,* that the release would be a
bar to the note, on the facts stated in the opinion.

3. **Promissory Note:** IMPORTS CONSIDERATION. A promissory
note, whether negotiable or not, imports a consideration (R. S. 1899,
sec. 894).

Lowrey v. Danforth.

4. **Consideration: RELEASE.** A slight consideration is sufficient to support a release. Services rendered form a good consideration for a release as well as of a note.

5. **Services: PERFORMED WITHOUT AGREEMENT: CLAIM.** Services performed without a previous agreement of mutual understanding that they are to be gratuitous constitute a valid claim for their reasonable value.

6. **Release: WHEN EXECUTED.** A release, complete in the expression of intent to discharge an outstanding note, is not rendered executory by a further promise to surrender the note.

7. **Note: WHEN NEGOTIABLE: VALUE RECEIVED: ASSIGNEE OF NOTE: STATUTORY CONSTRUCTION.** A note, not expressed to be for value received, is not negotiable under the Missouri statute (R. S. 1899, sec. 457), but it is transferable, and an assignee, as the real party in interest may in his own name sue the maker.

8. **Possession: OF PROMISSORY NOTE: PRIMA FACIE EVIDENCE OF TITLE: HOLDER OF NOTE.** Possession of a promissory note, payable to order and duly indorsed by the payee, is prima facie evidence of title in the holder.

9. ——: ——: **INDORSEE.** A note will not convey title to an indorsee if not delivered during the lifetime of the indorser.

10. ——: ——: **EVIDENCE: LETTERS.** A letter from plaintiff to defendant stating that the note in suit was indorsed for collection, and furnishing ground for argument that the note was not transferred during the life of the payee, is held admissible in evidence, in circumstances described in the opinion.

Appeal from Pike Circuit Court.—*Hon. David H. Eby.* Judge.

REVERSED AND REMANDED.

*J. W. Jump* and *J. D. Hostetter* for defendant.

(1) Plaintiff is not a purchaser for value before maturity. The note does not contain the words "for value received" and is therefore a non-negotiable instrument. Sec. 457, R. S. 1899; Sec. 4488, R. S. 1899; Austin v. Blue, 6 Mo. 265; Bailey v. Senock, 61 Mo. 218; Taylor v. Newman, 77 Mo. 263; Cutter v. Cook,

77 Mo. 388. Even if plaintiff were a holder for value, the note being non-negotiable would still be subject to all the defenses and equities which could be urged in a suit brought by the original payee. Tiedman on Commercial Paper, sec. 242. (2) The trial court erred not only in sustaining a demurrer to defendant's defense, but in refusing to sustain defendant's demurrer to plaintiff's case offered at the close of all the evidence. It was not shown by plaintiff that her husband ever delivered the note sued on to her. Without a delivery of the note to her prior to his death, no property interest in the note could possibly vest in plaintiff. The title to the note would pass to his administrator. Becraft v. Lewis, 41 Mo. App. 546; Cowgill v. Linville, 20 Mo. App. 138; Boeger v. Langenberg, 42 Mo. App. 7; Stagg v. Linnenfelser, 59 Mo. 336; In re Estate of Soulard, 141 Mo. 657. (3) The release is executed in payment for past services, and on the principle that there is no difference than if he had paid the money. Until this release has been set aside or cancelled for fraud, it constitutes an insuperable barrier against the collection of the note. Hancock v. Blackwell, 139 Mo. 440. It is held that a debt barred by limitation is a sufficient consideration for a new promise. Tiedeman Com. Paper, sec. 162.

*Virgil Rule* and *Bland & Cave* for respondent.

(1) The production of the note by plaintiff, and the admission of the execution and indorsement, established prima facie that she is the bona fide holder and owner thereof. This is a universal rule of American and English commercial law. Ern v. Rubinstein, 72 Mo. App. 337; Eyermann v. Piron, 151 Mo. 116; Lachance v. Loeblein, 15 Mo. App. 462; Ashbrook v. Letcher, 41 Mo. App. 371; Bank v. Stanley, 46 Mo. App. 440. (2) What was originally intended as a gratuity can not be subsequently turned into a charge.

Lippman v. Tittman, 31 Mo. App. 69; State v. Miller, 48 Mo. App. 118; Folger v. Heidel, 60 Mo. 284. (3) There is an entire failure of proof; for evidence of a gift can not sustain a plea of a transfer for a valuable consideration. Hall v. Kappenberger, 97 Mo. 509; Meyer v. Koehring, 129 Mo. 15. To constitute a valid gift *inter vivos,* there must be an intention to give and a delivery to the donee, or to some one for him, of the property given. An intention to give is not alone sufficient. The intention must be executed by a complete and unconditional delivery. Becker's Admr. v. Borckman, 70 Mo. App. 508; In re Estate of Soulard. 141 Mo. App. 657; School District v. Shridley, 138 Mo. 672; Strong, Admr. v. Hopkins, 1 Mo. 530. A valid gift of a debt can only be made by delivery to the donee of any evidence of the debt existing; if none, then by a delivery of a receipt in full therefor. 14 Am. and Eng. Ency. of Law, p. 1031; Gray v. Barton, 55 N. Y. 68; Shade v. Mutrie, 156 Mass. 21; Bushwell v. Fuller, 156 Mass. 309; McWillie v. Van Varter, 72 Am. Dec. 127; Carpenter v. Soule, 88 N. Y. 257.

BARCLAY, J.—This is an action upon a promissory note in the following terms:

"4,000.00        "Paynesville, Mo., Sept. 12; 1898.

"On or before September 12, 1899, I promise to pay to Henry T. Lowrey or order, four thousand dollars, with interest from date at the rate of seven per cent per annum.

                              "S. T. DANFORTH."

The indorsements on the note are admitted to be genuine. They are as follows:

"Pay to the order of Mrs. H. T. Lowrey.
                              "HENRY T. LOWREY."

"April 20 credited by cash two thousand dollars ($2,000.00).

(Signed)                      "H. T. LOWREY."

The plaintiff is the Mrs. H. T. Lowrey mentioned in one of the foregoing indorsements.

The petition follows the ordinary form of a claim upon a note against the defendant who is maker thereof. The allegations concerning the transfer to the plaintiff are that, ''before the maturity of said note, said Henry T. Lowrey indorsed the same to plaintiff, whereby the plaintiff became the owner of said note and entitled to payment of the amount mentioned therein.''

The answer of defendant contained a general denial, except as to the execution of the note and the payment of $2,000 thereon which were admitted. Defendant then sets up a special plea to the effect ''that since the year 1868 he performed divers and sundry personal and clerical services for the deceased, Henry T. Lowrey, who was a man of large affairs, and that the said Henry T. Lowrey, recognizing his obligation and indebtedness to the defendant for and on account of such services so rendered him by defendant, revoked and cancelled said note, together with the remaining interest thereon, and released the defendant from any obligation to pay any portion of the remainder of said note for the consideration above stated; such release being in writing and signed by said Henry T. Lowrey and dated August 15, 1899; and defendant says that by means of such release he has been discharged from any and all liability on said note and the same is fully paid and discharged, and he pleads the same in defense of this action.''

A reply was filed containing a denial of the new matter in the answer.

At the trial, defendant admitted the indorsements on the back of the note to be genuine. Plaintiff then read the note in evidence and rested.

Defendant without objection (so far as this record discloses) read in evidence the paper mentioned in the answer in these words:

"This is to certify that a certain note drawn by S. T. Danforth of Paynesville, Mo., payable to me and dated about September 12, 1898, for four thousand dollars, and upon which note two thousand dollars were paid in March, 1899, is hereby revoked and cancelled together with the interest thereon, and I promise to cancel and return to him said note as early as convenient.

"This cancellation is not intended as a gift or legacy, but is in payment of clerical and other personal services he, the said Danforth, has rendered me since the year 1862, and for which no other compensation has been given; and that the said Danforth makes no claim for compensation for such services and that I alone insist upon the payment as an act of justice.

"Dated St. Louis, Mo., August 15, 1899.

"H. T. LOWREY."

Testimony was admitted to prove the signature of said document to be authentic, and that Mr. Lowrey was dead. When he died does not appear from the abstracts before us now.

Defendant then introduced a witness who gave evidence tending to show that defendant from time to time had rendered valuable services of a clerical character to Mr. Henry T. Lowrey, during a long period of years, and that Mr. Lowrey had expressed the intention to "remember him" (meaning the maker of the note) on that account.

The court excluded an offer of defendant to prove by himself as a witness, the kind and value of the services above mentioned, and that Mr. Lowrey had admitted an indebtedness on that ground. The offer was excluded on the objection that the adverse party to the transaction was dead, and hence defendant was incompetent.

The court also excluded defendant's offer in evidence of a letter sent by mail from plaintiff to defendant, admitted to be genuine, as follows:

"St. Louis, Mo., Nov. 9, 1899.

"S. T. Danforth, Esq., Paynesville, Mo.

"Dear Sir: Some time ago you wrote me in regard to a release which you claimed you held, relieving you from the payment of a certain promissory note, given to you by my husband, H. T. Lowrey, deceased, bearing date of September 12, 1898, due on or before September 12, 1899, with the amount of principal $4,000 with interest at the rate of seven per cent per annum from date. Now I find an indorsement of payment of $2,000 on the back of this note. I also found the note had been indorsed over to me for collection from my husband, thus enabling me to proceed to collect the note either in a fiduciary or individual capacity. It was my husband's wish that should the principal be paid promptly the interest should be remitted. This is now, on account of delayed action on your part, a matter optional to my discretion. The release which you claim to have seems hardly plausible judging from existing circumstances prior to my husband's death. I therefore desire you to call and show some disposition toward the payment of the balance of this note as it is now two months past due. Hoping to hear from you soon in regard to this matter, I remain,

"Respectfully,

"Mrs. H. T. Lowrey."

The grounds of objection to the admission of that latter were that the plaintiff was not a competent witness on account of the death of Mr. Lowrey, that the letter related to matters of a confidential nature between husband and wife, and that defendant had closed his evidence before the offer was made.

On this case the court gave a binding instruction to the jury to find for plaintiff "in the sum of four thousand dollars together with interest thereon from date of said note at the rate of seven per cent per annum, less the sum of two thousand dollars with seven per cent interest thereon from April 20, 1899, to date."

The jury accordingly returned a verdict for plaintiff for $2,360.75, and judgment was rendered thereon from which defendant appealed to this court in the usual manner.

1. The note sued upon is not expressed to be for value received. It is therefore not a negotiable note within the purview of our statute on that subject (R. S. 1899, sec. 457). Beatty v. Anderson, 5 Mo. 447; Famous Co. v. Crosswhite, 124 Mo. 34. But yet the note is transferable, and the assignee, as the real party in interest, may sue the maker thereon in her own name, under Missouri law. R. S. 1899, secs. 540, 896; Bennett v. Pound, 28 Mo. 598.

No further proofs than the possession of the paper and the indorsement was offered by plaintiff to show the transfer to her; but they were evidence of that fact. Spears v. Bond, 79 Mo. 467. The note imports an original consideration (R. S. 1899, sec. 894), and possession of it with regular indorsement (admitted in this instance) is prima facie evidence of title and consequently of delivery to plaintiff before her husband's death, subject, of course, to contradiction if the facts are otherwise.

It is not claimed or hinted on behalf of plaintiff that defendant was ever notified or had knowledge of the assignment of the note to plaintiff, prior to the execution of the release relied upon in the defendant's answer, and offered in evidence, dated August 15, 1899. If, therefore, the release at that time was valid between defendant and Mr. Lowrey as a discharge of defendant's liability on the note, it remains likewise valid as a bar to plaintiff's claim on the note as assignee thereof, according to the statute law of this State which has set at rest some questions formerly mooted elsewhere. It provides that:

"In actions on assigned accounts and non-negotiable instruments, the defendant shall be allowed every just setoff or other defense which existed in his

favor at the time of his being notified of such assignment." (R. S. 1899, sec. 4488).

That statute, so far as it bears on the exact point of present investigation, is substantially a codification of the prevailing general rule of modern law. 2 A. & E. Ency. L. (2 Ed.), 1077.

Services rendered are a good consideration for a release as well as for a note. Wolford v. Powers, 85 Ind. 294. The recitals in the document signed by Mr. Lowrey, in respect of defendant's making no claim for his services, do not by any means preclude defendant's insisting on such a claim or advancing it as a consideration to support the release, if, in point of fact, it was not previously agreed or intended by him that the services were given gratuitously. The statements in the release do not conclude the issue of such agreement or intention. On the contrary they are susceptible of the inference that though no claim had yet been made by defendant for the services, they were well worthy of reasonable compensation. The terms of the paper furnish in themselves some evidence to prove that there was a valuable consideration for the release.

2. As the case stands, defendant was undoubtedly entitled to show a discharge or release of the amount due upon the note by force of the paper to that effect above quoted, of date August 15, 1899.

It is settled law that in the circumstances here appearing, the payee as holder of such a non-negotiable note might release the maker by a separate instrument upon terms such as are recited in the paper mentioned in this case. The paper purports to state a consideration, although it is expressed in a very generous and delicate manner. It disclaims the idea of a gift or legacy, and it grants the release on the basis of amount of value conferred by the services rendered by defendant during many years. A very slight consideration is held sufficient to support a release. Jones v. Per-

Vol 95 app—29

kins, 29 Miss. 142.   We do not doubt that the consideration mentioned in the document before us is both valuable and adequate to support the discharge of the note which it designed to accomplish.

The possession of the release by defendant was evidence of its delivery to him.   So that all formal requirements were met to give that instrument efficiency, unless its own terms fall short of clearly expressing the discharge which defendant invokes.

3.   The most important objection to the paper as evidence concerns the question of its completed character, which arises from its promise to cancel and return the note itself "as early as convenient."   It is ably contended on behalf of plaintiff that this language implies something more to be done to make the release complete as an executed instrument of Mr. Lowrey. We do not agree with that contention.

The question of construction raised by this claim of plaintiff is to be determined by the terms of the instrument, in the present aspect of the record.   We consider that the paper means to record a present and complete release of what was due on the note at the time when the release was made.   The additional promise to return the note is not so worded as to imply any incompleteness in the discharge of liability contained in the preceding lines.   The interpretation to be given this paper suggests an analogy furnished by the rulings in cases where parties have made a complete agreement, which, however, contemplates a more formal statement of their contract, yet the complete agreement is, nevertheless, held binding upon them if there has been a perfect meeting of their minds and their intention is fully expressed.   If, on the other hand, it appears that something still remains to be agreed upon, and the purpose to reduce the agreement to writing implies that the agreement so far made is not the end of negotiations, then the preliminary understanding does not have the force of a complete con-

tract. We need not attempt to define more precisely the rule of law on that subject. It was laid down with much clearness by Judge BLACK in Green v. Cole, 103 Mo. 70. The authorities cited in that opinion illustrate the application of the principle we have referred to. It seems to have an important bearing on this litigation by analogy.

The release before us is a complete instrument, discarding the promise to return the note which does not appear intended to impair the potency of the release .itself. That promise rather supports than defeats the idea of an executed purpose to release defendant. It surely does not interfere with the obvious intent of the signer to give the release immediate force and effect.

If that paper is genuine (and so far as the evidence presented thus far discloses, we see no reason to doubt its validity) there is a complete bar in it to a recovery in this case upon the facts before this court, unless some new phase of reply to it exists which is not now under consideration.

4. We are further of the opinion that the letter by plaintiff of November 9, 1899, was admissible in evidence. Besides its distinct admission that the note was indorsed to plaintiff for collection, the letter gives ground for an argument that the note was not transferred to plaintiff during her husband's life. There was no other evidence before the court tending to show when plaintiff actually received the note, except the inference from the possession of it duly indorsed.

If the note was not delivered to plaintiff by Mr. Lowrey during his lifetime, then plaintiff had no title to it at all and could not recover in this action; the title to the note would be vested in her husband's estate. The general denial of the answer raises that issue of ownership.

But if the release above quoted is valid, there would be no right of action upon the note in any event.

So we need not decide whether or not the trial court unduly strained its discretion in refusing to open the case for defendant to allow him to introduce in evidence the letter of plaintiff to him.

5.   It is unnecessary to further discuss the particulars of the trial.   It is clear that reversible error was committed against defendant by the giving of the peremptory instruction for plaintiff.

The case should be retried in accordance with the suggestions we have made.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.