**J. E. JOHNSON CONST. CO. v. FIRST NAT. BANK OF BRENHAM.  (No. 8486.)**

(Court of Civil Appeals of Texas.  Galveston.
March 6, 1924.)

**1. Venue ⬉7—"Contract in writing" within statute is only such obligation as may· be made basis of suit.**

A "contract in writing," within the meaning of Rev. St. art. 1830, subd. 5, relating to venue of actions on contracts, is only such an obligation as may be made the basis of a suit.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Contract in writing.]

**2. Venue ⬉7—Agreement resulting from acceptance of bid to construct building held not "contract in writing," within statute.**

Where a request for bids for the construction of bank building provided that the drawings and the agreements (meaning the formal instrument in writing to be thereafter signed) should form the contract, *held*, that the agreement between the bank and a bidder, which resulted from acceptance of his bid, was not a "contract in writing," within Rev. St. art. 1830, subd. 5, such that the bank could sue for the bidder's refusal to proceed in the county, where such agreement was made.

Appeal from District Court, Washington County; R. J. Alexander, Judge.

Action by the First National Bank of Brenham against the J. E. Johnson Construction Company. From judgment overruling defendants' plea of privilege, they appeal. Reversed and rendered.

W. J. Embrey, of Brenham, and Weatherby & Rogers, of Waco, for appellants.
W. W. Searcy, and B. F. Teague, both of Brenham, for appellee.

GRAVES, J.  In this proceeding the First National Bank of Brenham sued the individual members of the copartnership of J. E. Johnson Construction Company for damages for their alleged breach of a contract in writing to construct a building for the bank at Brenham in Washington county, averring that the defendants were all residents of McLennan county, but seeking to hold them in Washington county under subdivision 5 of Revised Statutes, art. 1830; the bank declared upon the contract in detail, alleging that it had advertised for bids for the construction of the building under written plans and specifications, and that, after furnishing defendants copies of these plans and specifications, they had, conformably thereto, submitted in writing their bid for the work, which in turn the bank had duly in writing accepted, it being the lowest bid therefor, notwithstanding which agreement so made the defendants had refused to comply, thereby forcing the bank to accept the next lowest bid of a different contractor, to its damage in the specified sum.

The defendants interposed their plea of privilege to be sued in the county of their residence, McLennan, which was in due and statutory form.

The plaintiff filed controverting affidavit, reiterating in substance the same matters appearing in its petition, detailing the advertisement for, the making of the bids for, the construction of the building, the acceptance by the bank of that made by the defendants, and the notification to them of such acceptance, averring that such proceedings constituted a contract in writing to construct the building in Brenham in Washington county, Tex., for the breach of which defendants were answerable in that county. After a hearing upon the matter, the trial court overruled the plea of privilege, and from that action defendants have presented this appeal.

[1] The sole issue involved here is whether or not there was such a contract in writing, within the purview of subdivision 5, article 1830, as bound the appellants to answer the suit in Washington county. It is well settled "that the contract in writing," with which that subdivision of the statute deals, contemplates only such an obligation as may be made the basis of a suit. Oil Co. v. Schubert (Tex. Civ. App.) 145 S. W. 1193; Lumber Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 48, 52.

[2] We conclude that no such obligation was shown in this instance, mainly upon these considerations: The plans and specifications furnished the bidders showed upon the face of them not only that vital and controlling features of the contract herein sued upon—that is, one for the construction of the building itself, and not merely the preliminary steps of submitting a bid on prescribed conditions—were not only not provided for, but also that it was not intended by the parties to be complete until a further and formal agreement in writing had been drawn up and executed between them; under that state of case, by unanimous voice of the authorities, no venue can be fixed out of the county of one's residence under a statute like that here invoked. Elliott on Contracts, vol. 1, § 63; Walker Grain Co. v. Denison Mill & Grain Co. (Tex. Civ. App.) 178 S. W. 555; International Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93; Lowrey v. Danforth, 95 Mo. App. 441, 69 S. W. 41; Pierce Oil Corporation v. Gilmer Oil Co. (Tex. Civ. App.) 230 S. W. 1116; Shepard v. Carpenter, 54 Minn. 153, 55 N. W. 906; Cincinnati Equipment Co. v. Big Muddy River Consolidated Coal Co., 158 Ky. 247, 164 S. W. 798; Nave v. McGrane, 19 Idaho, 111, 113 Pac. 83; Gill Mfg. Co. v. Hurd (C. C.) 18 Fed. 673; 13 Corpus Juris, 291.

In the Texas case of Brown v. Levy, 29 Tex. Civ. App. 389, 69 S. W. 255, while the bid and its acceptance are held to constitute a contract, it is shown that nothing was left to future determination, even the provisions of the bond to be thereafter executed being stipulated in the specifications and advertisements for bids; hence it does not conflict with the cited holdings.

It but remains to in substance indicate wherein this transaction was materially so incomplete: Article 2 of the "General Conditions and Specifications" provides that they, the drawings, and the agreements (otherwise unmistakably shown to mean the formal instrument in writing to be thereafter signed) shall form the contract; the drawings or plans contain no contractual terms at all; the bank in formally accepting the bid of appellants required further negotiations upon added and undisposed of features, which were shown both from the specifications themselves and the later written contract it actually made under the specifications with the bidder who constructed the building, to include such essential ingredients as fixing a time for the beginning and completion of the work, the amount of damages or penalty for a failure to complete it as and when agreed, joint working conditions with other contractors who were to separately furnish the mechanical equipment, what should constitute such negligence on the contractor's part as the specifications, provided he should not be relieved against, what percentage of the contract price should be paid as the work progressed, and—a matter of controlling importance—the time when payments were to be made. None of these elements of the final contract it was so expressly stipulated should thereafter be entered into had been agreed upon. Appellants, so regarding their bid as a proposal only, and not a contract, declined after its acceptance to go on with the transaction or negotiate further with reference to it, claiming that their bookkeeper had made a $20,000 error of calculation in submitting their bid, and, under the finding just stated as to the status of the relations between the parties, we think they were within their legal rights in so doing.

Our conclusions being that no suable obligation in Washington county was shown, the judgment is reversed, and judgment is here rendered, transferring the cause to the district court of McLennan county.

Reversed and rendered.