RYAN et al. v. JOHNSON. (No. 84.)

(Court of Civil Appeals of Texas. Eastland. Jan. 8, 1926.)

1. Venue ⊕⇒7—Only defendant's written obligation to perform in county other than his residence authorizes suit therein (Rev. St. 1911, art. 1830, subd. 5).

Under Rev. St. 1911, art. 1830, subd. 5, it is only the defendant's written obligation to perform in county other than that of his residence that will authorize suit to be maintained in such county.

2. Pleading ⊕⇒8(7)—Averment that defendants promised in writing to pay for services in county other than that of their residence, being mere legal conclusion, is insufficient to confer venue in such county.

Averment that defendants "obligated themselves in writing to pay plaintiff for services rendered" in county other than that of defendant's residence, even if construed as alleging a written promise to pay therein, is insufficient to confer venue on that county; it merely stating a legal conclusion.

3. Pleading ⊕⇒111—Where defendants file plea of privilege to be sued in county of their residence, plaintiff must file plea alleging facts to sustain venue and prove them.

Where, in suit to recover for legal services performed, defendants file plea of privilege to be sued in county where they resided, it devolves on plaintiff to file controverting plea alleging facts upon which venue is sought to be sustained and to prove facts alleged.

**4. Venue ⬲7—Written statement after contract sued on was performed, "Will be down, * * * and we will settle with you at that time," held insufficient to confer venue.**

Statement, in letter written by defendants long after contract sued on had been performed, that " * * * will be down, * * * and we will settle with you at that time," *held* insufficient to confer venue in county other than that of defendants' residence.

**5. Venue ⬲21—Right to be sued in one's domicile is not to be frittered away by strained or doubtful inferences.**

Right to be sued in county of one's domicile is a valuable one, and not to be frittered away by strained or doubtful inferences.

**6. Venue ⬲7—To confer venue in county other than that of defendant's residence, obligation to perform therein must be plainly present, expressly or impliedly (Rev. St. 1911, art. 1830, subd. 5).**

Under Rev. St. 1911, art. 1830, subd. 5, authorizing suit in county in which defendant has in writing contracted to perform an obligation, the obligation must be plainly present in the writing, and may be stated expressly by naming the county, or impliedly, as by naming place in that county.

**7. Venue ⬲7—"Contract in writing," to authorize suit in county other than that of defendant's residence, is only such obligation as may be made basis of suit (Rev. St. 1911, art. 1830, subd. 5).**

The "contract in writing," within meaning of Rev. St. 1911, art. 1830, subd. 5, authorizing suit in county other than that of defendant's residence, is only such obligation as may be made the basis of a suit.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Written Contract or Agreement.]

Appeal from Stephens County Court; John W. Hill, Judge.

Suit by T. Edgar Johnson against John W. Ryan and another. From a judgment overruling defendants' plea of privilege, they appeal. Reversed and remanded, with instructions to transfer.

Arrington & Ritchey, of Breckenridge, for appellants.

Chas. H. Clark and Floyd Jones, both of Breckenridge, for appellee.

PANNILL, C. J. Appellants answered a suit against them for the value of legal services performed for them by appellee, with a plea of privilege to be sued in Donley County, where they resided. The suit is predicated upon an oral contract, whereby appellee agreed and did perform certain legal services in Stephens county.

The petition attempted to fix the venue in Stephens county by means of certain letters and telegrams of appellants showing that appellee's obligation was to perform the services in the county of the former.

[1] This would not confer venue in such county. It is only the written obligation of appellants promising performance by them in Stephens county that will authorize this suit to be maintained there. Gottlieb v. Dismukes et al. (Tex. Civ. App.) 230 S. W. 792; Allison & Sons v. Hamic (Tex. Com. App.) 260 S. W. 1037.

[2] Appellee's controverting affidavit alleged that appellants "obligated themselves in writing to pay plaintiff herein for services rendered by plaintiff in Stephens county, Tex." It is to be doubted whether this can be construed as alleging a written promise to pay appellee in Stephens county, but, assuming that it does, it does not set out such writing, the substance nor the date thereof. The averment is that of a legal conclusion only and insufficient.

[3] Upon the filing of a plea of privilege, it devolves on the plaintiff to file a controverting plea alleging the facts upon which the venue is sought to be sustained. The burden is likewise on the plaintiff to prove the facts so alleged. Ray v. W. W. Kimball Co. (Tex. Civ. App.) 207 S. W. 351.

The only testimony introduced by plaintiff even remotely tending to prove the conclusion above stated is an excerpt from a letter written by appellants September 30, 1924, long after the contract sued on had been made and performed as follows:

"One of us will be down and bring the evidence supporting our statement in this, and we will settle with you at that time."

[4, 5] This is not sufficient to confer venue as sought by appellee. The right to be sued in the county of one's domicile is a valuable one, and not to be frittered away by strained or doubtful inferences. Russell v. Green (Tex. Civ. App.) 214 S. W. 448.

[6] In order to confer venue under subdivision 5, art. 1830, Rev. St. 1911, the obligation to perform in the county where the suit is brought must be plainly present in the writing, and may be stated expressly, as by naming the county, or impliedly, as by naming a place to be found only in that county. Allison & Sons v. Hamic (Tex. Com. App.) 260 S. W. 1037, and authorities cited.

The conclusion has been reached that this case does not come within the rule announced in those cases where the contract is negotiated by letters, and the letters show a promise performable in a particular county.

[7] The "contract in writing," to come within the statute, must be such as may be made the basis of the suit. Johnston Const. Co. v. First National Bank (Tex. Civ. App.) 260 S. W. 1091.

The judgment overruling the plea is reversed, and the cause remanded, with instructions to transfer the case to Donley county.