## ZIHLMAN v. FLEETWOOD. (No. 2112.)

Court of Civil Appeals of Texas. El Paso.
Jan. 26, 1928.

Rehearing Denied Feb. 23, 1928.

**1. Appeal and error ⬅⬅622—Statement of facts filed in Court of Civil Appeals within 90 days after serving citation error, though not within 90 days after filing bond, held filed in time (Rev. St. 1925, arts. 1839, 2246, §§ 2, 3).**

Statement of facts, filed in trial court within 90 days after date of judgment as allowed by trial court's order and by Rev. St. 1925, art. 2246, § 2, but filed in appellate court more than 90 days after filing of writ of error bond below, held not filed too late under article 2246, § 3, since article 1839 provides transcript should be filed in Court of Civil Appeals within 90 days from perfection of appeal or service of writ of error, and statement of facts was filed within 90 days after service of citation in error.

**2. Appeal and error ⬅⬅622—Writ of error is not "perfected" until service of return or waiver thereof (Rev. St. 1925, art. 1839).**

Under Rev. St. 1925, art. 1839, providing that transcript shall be filed in Court of Civil Appeals within 90 days from perfection of appeal or service of writ of error, writ is not perfected until service has been obtained or waived.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Perfect.]

**3. Appeal and error ⬅⬅622—Jurisdiction of appellate court is not "perfected" until service of writ of error or waiver thereof (Rev. St. 1925, art. 1839).**

Jurisdiction of Court of Civil Appeals is not "perfected," under Rev. St. 1925, art. 1839, until there has been service of writ of error or waiver thereof.

**4. Appeal and error ⬅⬅621(3)—Transcript required to be filed in appellate court refers to both record and statement of facts which if filed within 90 days from service of writ of error are filed in time (Rev. St. 1925, art. 1839).**

Under Rev. St. 1925, art. 1839, requiring transcript to be filed in Court of Civil Appeals within 90 days from perfection of appeal or service of writ of error, transcript refers to both record to be prepared by clerk of trial court and statement of facts, and when both are tendered for filing in Court of Civil Appeals within 90 days from service of writ of error, they are both tendered in time.

**5. Appeal and error ⬅⬅614—Certificate of trial judge that statement of facts as remembered is correct did not imply doubt as to correctness.**

Certificate of trial judge to statement of facts prepared by court that statement is correct, "as I remember the facts," did not imply doubt as to whether statement was correct, it being necessarily implied in statement prepared independent of stenographic notes that same is made as evidence is remembered.

**6. Appeal and error ⬅⬅614—Trial judge's certificate to statement of facts prepared by court on disagreement of parties held substantial compliance with statute.**

Certificate of trial judge, reciting that parties to action have failed to agree on statement of facts and have certified disagreement to judge and that foregoing is true and correct statement, as facts were remembered, and that record shall be filed as statement of facts in cause, held in substantial compliance with statute and sufficient.

**7. Appeal and error ⬅⬅663(1)—Attack on verity of trial judge's certificate to statement of facts cannot be considered on appeal.**

Complaint by defendant in error of accuracy and completeness of statement of facts prepared and certified to by trial judge constitutes an attack on verity of trial judge's certificate to statement, and cannot be considered on appeal.

**8. Venue ⬅⬅21—Commissions for selling land are payable in county where payor resides when contract is silent, and suit should have been transferred there.**

Where written contract for commissions earned in selling land is wholly silent as to place where payment of commission sued for is to be made, it is payable in county where payor resides, and hence payor's plea of privilege to be sued in county where he resides should have been granted.

Error from Martin County Court; G. A. Glaser, Judge.

Action by R. E. Fleetwood against A. J. Zihlman, in which defendant filed plea of privilege to be sued in county of residence, and plaintiff set up controverting affidavit. Judgment for plaintiff, and defendant brings error. Defendant moved to strike out statement of facts. Motion to strike overruled. Judgment reversed and remanded, with in-

structions to transfer case to county of defendant's residence.

R. C. Armstrong, Jr., of Fort Worth, for plaintiff in error.

Allen Reed, of Stanton, for defendant in error.

HIGGINS, J. Fleetwood sued Zihlman to recover a commission alleged to have been earned for selling a tract of land. Zihlman filed plea of privilege to be sued in Tarrant county, where he resides. Fleetwood filed a controverting affidavit setting up that the suit was based upon a written promise to pay in Stanton, Martin county.

The plea of privilege was overruled on May 20, 1927, and upon the same day the case was tried upon its merits and judgment rendered in Fleetwood's favor for one-third of the amount sued for, without prejudice to sue for and recover the balance sued for upon its maturity.

From the judgment upon the merits, Zihlman prosecutes this writ of error, assigning as error only the action of the court in overruling his plea of privilege.

Defendant in error moves to strike out the statement of facts and affirm.

The judgment was rendered at a term of the court lasting more than eight weeks, the caption of the transcript showing the term began May 2, 1927, and ended July 2, 1927.

Petition for writ of error was filed July 28, 1927, and writ of error bond filed August 3, 1927. The trial court entered an order allowing 90 days from date of judgment in which to file statement of facts. The statement of facts was filed in the court below on August 15, 1927, and, with the clerk's transcript, was filed in this court November 19, 1927.

[1] From what has been said it will be noted the statement of facts was filed within 90 days after the date of judgment as allowed by the trial court's order and as is allowed by article 2246, § 2, R. S., independent of such order. There is thus no question that the statement was filed in the lower court within the time prescribed by law. It was filed in this court more than 90 days after the filing of the writ of error bond in the court below, and the contention of the defendant in error is that it was filed in this court too late under the third section of article 2246, which limits the authority of the trial court to extend the time provided in the first two sections of said article by providing that the judge before whom the case was tried shall not in any case extend the time for filing so as to delay the filing of the statement of facts, together with the transcript of the record, in the appellate court within 90 days after the date of the filing of the appeal or writ of error bond.

This case does not present any issue of a statement filed in the court below at a time which would delay its filing in this court within the 90-day period limited by the third section of said article, for as we have seen it was filed in the court below within the time expressly given by the second section, and it could have been filed in this court in 90 days after writ of error bond was filed in the lower court.

[2] Article 1839, R. S., provides that the transcript shall be filed in this court within 90 days from the perfection of the appeal or service of the writ of error. In the present case the clerk's transcript and statement of facts were filed in this court November 19, 1927, which was within 90 days of September 15, 1927, upon which latter date service was obtained upon the defendant in error of the alias citation in error issued September 8, 1927, the original citation having been returned unexecuted. It not infrequently happens that there is delay in obtaining service of a writ of error, and the writ is not perfected until such service has been obtained or waived.

[3, 4] The jurisdiction of the Court of Civil Appeals is not perfected until there has been such service or waiver. To hold that a statement of facts must be filed in that court within 90 days of the filing of the writ of error bond would, in case of 90 days' delay in obtaining service of the citation in error, necessitate the filing of such statement in the Court of Civil Appeals before the jurisdiction of that court had fully attached and before the clerk's transcript could be completed. Certainly the Legislature did not intend that section 3 of article 2246 should have any such effect. In our opinion the transcript referred to in article 1839, R. S., refers to both the record to be prepared by the clerk of the trial court and the statement of facts. When both are tendered for filing in the Court of Civil Appeals within 90 days from the service of the writ of error the same are both tendered in time. Heflin v. Railway Co., 106 Tex. 23, 155 S. W. 188; Ziegler v. Hunt (Tex. Com. App.) 280 S. W. 546.

The statement of facts in this case having been filed in the trial court within the time expressly allowed by section 2 of article 2246, R. S., and in this court within 90 days after service of the citation in error, the motion to strike out the statement because not filed in this court within 90 days after the filing of the writ of error bond is without merit.

The statement is thus certified by the trial judge:

"The parties to this action having failed and refused to agree upon a statement of facts in this cause, and having certified such a disagreement to me, I, G. A. Glaser, the judge before whom this cause was tried, present the aforegoing two pages as a full, true and correct statement as I remember the facts admitted in evidence by the court upon the trial of this

cause, and I order that this record shall be filed as the statement of facts in this cause.

"This the 15th day of August, A. D. 1927. [Signed] G. A. Glaser, Judge of the County Court, Martin County, Texas."

[5] It is objected that the words of the certificate, "as I remember," imply a doubt as to whether the statement is correct; but this is untenable. In every statement of facts prepared by the parties or the court independent of a stenographic report, they do so from memory, assisted perhaps by brief notes of their own, and in such cases it is necessarily implied that the same is made as they remember the evidence. The words quoted merely state expressly what would have been implied if omitted. .

[6] The sufficiency of the certificate is otherwise questioned, but it is in substantial compliance with the statute and sufficient.

[7] Defendant in error also questions the accuracy and completeness of the statement; but this constitutes an attack upon the verity of the trial judge's certificate to the statement and cannot be considered.

The motion to strike out the statement is therefore overruled.

[8] The written contract offered in evidence by defendant in error in support of the venue in Martin county is wholly silent as to the place where payment of the commission is to be made. It is therefore payable in the county where the payor resides. Texas, etc., v. Stovall, 113 Tex. 273, 253 S. W. 1101.

The court therefore erred in overruling the plea of privilege. Ryan v. Johnson (Tex. Civ. App.) 284 S. W. 652; Allison & Sons v. Hamic (Tex. Com. App.) 260 S. W. 1037.

Reversed and remanded, with instructions to transfer the case to Tarrant county.