## BRILEY et al. v. COCKRELL.
### No. 7620.

Court of Civil Appeals of Texas. Austin.
June 25, 1931.

York & Camp, of Abilene, for appellants.

W. H. Browning, of Lampasas, for appellee.

BAUGH, J.

Appeal is from a judgment overruling appellants' pleas of privilege to be sued in Taylor county, the place of their residence. Appellee asserted venue in Lampasas county under subdivision 5, art. 1995, R. S. 1925, on the ground that appellants had obligated themselves in writing to perform the obligation sued upon in Lampasas county.

Cockrell, a real estate broker, resided at Lampasas. J. P. Smith, one of the defendants, resided in Callahan county. He owned lands in Brown county, which he had listed orally for sale or exchange exclusively with Cockrell. Cockrell thereupon sublisted same with W. G. Briley, a real estate broker who resided at Abilene, and wrote him on March 18, 1930, that he would divide commission with him in case Briley sold Smith's land; but that in case of trade of same for other lands Briley was to look to his client for commission, and Cockrell was to look to Smith, adding in said letter that "the commission liability or obligation being payable and performable in case of sale or trade at Lampasas, Texas."

Appellee alleged in his petition that in July, 1930, W. G. Briley and J. D. Liles effected an exchange between J. P. Smith of his Brown county lands, and one C. A. Taylor for the latter's property in Abilene; that Smith thereupon became indebted to said Cockrell for 2½ per cent. commission on said exchange; that because Briley and Liles were also claiming a commission from Smith, he had refused to pay appellee. Smith, Briley and Liles were all made parties defendant; judgment was asked against Smith for 2½ per cent. commission on the value of his Brown county lands, and that Briley and Liles be decreed to have no interest therein.

There is no contention that venue of the suit against Smith would lie in Lampasas county. His agreement with Cockrell was oral. Any arrangement between Cockrell and Briley, whether in writing or oral, as to where Smith should pay either of them a commission would not be binding upon him. Nor could Cockrell prevent Smith from making such contract as he chose with Briley or Liles, so long as he complied with his listing contract with Cockrell. The letter in question relates only to commission as between the agents themselves; and the only obligation arising therefrom was that Cockrell, in case of a sale of Smith's lands by Briley, agreed to pay to Briley at Lampasas 2½ per cent. commission. If the land were traded, as alleged in appellee's petition, Cockrell would owe Briley no commission. The suit was against Smith, and sought judgment only against him for a commission due Cockrell under his contract with Smith—not under any contract with Briley or Liles subsequently made. Clearly Briley and Liles were not necessary parties to appellee's suit against Smith. If Smith were in doubt as to his liability to the various agents, he could have impleaded them; but it was not necessary for Cockrell to do so. The allegations of appellee's petition show that the cause of action asserted was not upon the obligations contained in the letter from Cockrell to Briley, and therefore no grounds for venue obtained in Lampasas county. See Johnson Const. Co. v. Bank (Tex. Civ. App.) 260 S. W. 1091.

The judgment of the trial court is reversed, and the cause remanded with instructions to transfer same to the county court of Taylor county, in accordance with appellants' pleas of privilege.

Reversed and remanded, with instructions.