Continental Supply Company *v.* Robertson.

## Opinion delivered October 20, 1924.

1. Joint stock companies and business trusts—liability of trustees.—Trustees of a business trust, doing business under a declaration vesting in them absolute authority over the trust business and property, are personally responsible for any indebtedness growing out of transactions in relation to the trust estate.

2. Release—conclusiveness.—A release executed in consideration of a settlement of accounts will not prevent the settlement from being impeached for fraud or mutual mistake, but the party seeking to impeach the settlement must show affirmatively the mistake or fraud alleged.

3. Account stated—conclusiveness.—An account stated and settlement thereof, shown to have been examined by both parties and expressly agreed to by them, is stronger evidence of the correctness of the account than if it had merely been mailed in the usual course of business and acquiesced in for a considerable time thereafter.

4. Account stated—impeachment for mistake.—Where a supply company's account was settled with the trustees of a business trust, and one of the trustees was expressly released from liability on his written guaranty of the account, after which the affairs of the business trust were wound up and a settlement made with all persons interested, in reliance upon the above settlement, *held* that the supply company could not, after a year's delay, claim a further balance due because of a mistake made by it in the settlement.

Appeal from Lee Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

### STATEMENT OF FACTS.

The Continental Supply Company, a corporation, brought this suit at law against J. T. Robertson, D. H. Echols and J. B. Harris, to recover the sum of $1,575.33, alleged to be a balance due on an account for merchandise.

The defendants averred that they had had a full settlement of their account with the plaintiff, and that the plaintiff should not be allowed to recover against them on the ground of mistake in the settlement, because of unreasonable delay and of change of conditions which have resulted since the settlement.

On motion of the defendants, which was consented to by the plaintiff, the case was transferred to the chancery court.

It appears from the record that the Continental Supply Company was a corporation dealing in tools, machinery and materials used in drilling oil wells, and J. T. Robertson, J. B. Harris and D. H. Echols were trustees of an association known as the Texas & Arkansas Oil & Gas Company, which was engaged in drilling oil wells on leased lands. On the 27th day of June, 1919, these trustees entered into a contract with the Continental Supply Company whereby they agreed to promptly pay to said Continental Supply Company all sums of money that might become due it from the Texas & Arkansas Oil & Gas Company, for any merchandise, machinery and materials sold and delivered or contracted to be sold and delivered to them by the Continental Supply Company.

Large amounts of machinery and materials were purchased by the representative and agent of the Texas & Arkansas Oil & Gas Company from the Continental Supply Company under this contract, and payments were made from time to time. Some time in December, 1919, the Continental Supply Company sent to D. H. Echols, as secretary and trustee of the Texas and Arkansas Oil & Gas Company, a statement of account showing a balance due of $15,688.77. On December 22, 1919, D. H. Echols sent to the Continental Supply Company a check for the balance claimed to be due, and also mailed to it a letter as follows:

"Inclosed herewith you will find our check for $15,688.77 in payment of the attached statement. This will be notice to you that the writer desires to be relieved of all responsibility for purchase of this company from a personal standpoint.

"Some time during the summer I signed, with J. T. Robertson and J. B. Harris, a guaranty for the payment of this company's account to the extent of $40,000.

"In payment of the account at this time, it is my desire to have you acknowledge receipt of advice from me that I will not be responsible further for any purchases made by this company or its agents.

"Your prompt compliance with this request will be appreciated by the writer."

On December 27, 1919, the Continental Supply Company mailed to D. H. Echols, as secretary of the Texas & Arkansas Oil & Gas Company, a reply to his letter, which is as follows:

"We are in receipt of yours of the 22d inst., inclosing check for $15,688.77, against the account of your company, for which we wish to thank you very kindly. We also note your remarks to the effect that you wish to be released from the guaranty of $25,000, given by you, Messrs. J. T. Robertson and J. B. Harris, and wish to advise that this letter will indicate that you are released from this responsibility from this date, inasmuch as the other two gentlemen are still on this guaranty.

"We are sending them a carbon copy of this letter."

Other facts will be stated in the opinion.

The chancellor was of the opinion that the complaint should be dismissed for want of equity, and a decree was entered of record in accordance with his findings.

The case is here on appeal.

*Bryan, Williams & Cave, D. S. Plummer* and *Mann & McCulloch,* for appellant.

The action is not barred by the statute of limitation. Section 6955, C. & M. Digest, applies to the limitation in this action. See also 151 Ark. 377. The account exhibited was covered by the guaranty. The alleged release was insufficient to discharge appellees from liability under their contract. There was no consideration for the release. There was no accord and satisfaction as defined in 1 C. J. 523. A release with reservation against the other joint obligors is, in legal effect, no release at all but merely a covenant not to sue. I Williston on Contracts, 645. Even conceding that Echols was released, Robertson was released only to the extent of his right

of contribution against Echols. 44 Ark. 349. See also 45 Ark. 290. The claim is not barred by laches.

*H. F. Roleson* and *C. W. Norton,* for appellees.

HART, J., (after stating the facts). In the case before us the defendants were indebted to the plaintiff in a large amount for machinery and materials purchased by the former from the latter, to be used in drilling oil wells on leased territory operated by the defendants as trustees for certain other persons associated with them for the purpose of drilling wells for oil and gas. In this connection it may be stated that the defendants were personally liable for the account under a written guaranty signed by them, and the facts as disclosed in the record also show them to be liable as trustees of a business trust doing business under a declaration vesting in them absolute authority over the trust business and property, within the rule laid down in *Betts* v. *Hackathorne,* 159 Ark. 621.

Some time in December, 1919, the Continental Supply Company mailed to D. H. Echols, as trustee for the Texas & Arkansas Oil & Gas Company, which was the name under which his association was doing business, a statement of their account, showing a balance of $15,688.77. After receiving the statement, Echols wrote the plaintiff a letter on the letterheads of the Texas and Arkansas Oil & Gas Company, signed by himself as secretary, in which he asked to be personally released from all responsibility for purchases of his company or association. He sent a remittance of $15,688.77 with the letter. On December 27, 1919, the plaintiff acknowledged the receipt of the check and letters, and advised Echols that he was released from responsibility from this date. The settlement of the account by Echols was the only consideration for the release executed by the plaintiff. The effect of a release executed in consideration of the settlement of accounts between parties is not to render the settlement conclusive. If the account is impeached on the ground of fraud or mutual mistake, the release will not prevent the court looking into the

settlement. The party seeking to impeach the settlement is bound to show affirmatively the mistake alleged. The force of the admission and the strength of the evidence which will be necessary to overcome it will depend upon the circumstances of each case. *St. L. I. M. & So. Ry. Co.* v. *Morgan,* 115 Ark. 529, and *Hawkins Brothers* v. *Lesser-Goldman Cotton Co.,* 157 Ark. 299.

It is manifest, under the rule just announced, that an account stated and a settlement of it, which is shown to have been examined by both parties and expressly agreed to by them, will afford stronger evidence of the correctness of the account than if it had been merely delivered by mail in the usual course of business and acquiesced in for a considerable period of time thereafter.

In the instant case the account was settled and the balance paid by Echols, accompanied by a demand to be released from all further personal liability for purchases of his company. Echols expressly notified the plaintiff that he would not be responsible any further for any purchases made by the company or agent. This put the plaintiff upon notice that Echols, for some reason, desired to know the exact state of the accounts between the parties and to have the settlement made between them a final settlement. He states the reason that he did this was that he was about to retire from the company and to cease to act as trustee for his associates. He caused an audit of the affairs of his company to be made by a public accountant, in order that he might be advised of the exact state of its affairs. During the course of his investigation he did not find out any fact or circumstance which would lead him to believe that his company owed the plaintiff the account sued for in this action, or that his association or company was indebted to the plaintiff in any amount whatever. The affairs and business of the Texas & Arkansas Oil & Gas Company were wound up and the accounts between Echols and his co-trustees and their associates were adjusted and settled. All the property of the concern was sold to a foreign corporation.

Robertson and Harris were advised of the action taken by Echols when he settled with the plaintiff. All three of the defendants engaged in winding up the affairs of the Texas & Arkansas Oil & Gas Company, under the belief that the company had made a final settlement with the plaintiff. They adjusted the accounts between each other and between themselves and their associates under this belief. They were not notified that the plaintiff claimed that there had been a mistake made in their final settlement until some time in the spring of 1921, more than a year after the final settlement had been made and some time after the affairs of the Texas & Arkansas Oil & Gas Company had been settled and the property and assets sold to persons who were beyond the boundaries of the State.

The defendants testified that, at this time, none of the property and assets of the Texas & Arkansas Oil & Gas Company were in their hands or in the hands of any of their associates. The fact that the mistake was made in settlement of the account is attributable to no fault of the defendants. The purchase of the articles in question was made by another agent of the company, and the defendants were ignorant of the fact that it had been made until the claim was sent to them some time in March, 1921. If the plaintiff had proceeded promptly, or at least within a reasonable time, and discovered the mistake, the defendants could have had an adjustment of the matter with their associates. It is true that they were personally liable to the plaintiff, but it appears from the record that the items of the account sued on were received and used by another agent of the Texas & Arkansas Oil & Gas Company, in the usual course of business, and, under these circumstances, the defendants could have deducted their proportionate part of the account, if the claim had been presented to them before the property and assets of the Texas & Arkansas Oil & Gas Company had been sold and the proceeds thereof distributed.

Under the rule above announced it would be inequitable to allow a recovery against the defendants, and the case is brought within the principles of an equitable estoppel between the parties. The account has been settled and the balance paid upon the express demand that it should become a final settlement. The circumstances under which the settlement was made require more proof to overcome it than a mere account stated. The plaintiff was expressly put upon notice, and has waited an unreasonable time before discovering the alleged mistake. No excuse for the delay has been shown.

On the other hand, the defendants have shown that they would be put to a great inconvenience and perhaps considerable loss by having to pay the amount now. The settlement and release executed under such circumstances are binding upon the parties, and the decree must be affirmed.