## WHALEY v. WHALEY.  (No. 393.) *

(Court of Civil Appeals of Texas. Waco. July 1, 1926. Rehearing Denied Oct. 7, 1926.)

1. **Appeal and error** ⊕⟹1058(2)—**Sustaining husband's exception to wife's answer that note sued on was without consideration, if error, held harmless, where wife testified fully without objection.**

Where husband sued wife on note given in settlement of property interests, error, if any, in sustaining exception to wife's answer that note was without consideration and that money was given to her *held* harmless, where wife testified fully without objection and without reference to exception.

2. **Husband and wife** ⊕⟹235(2).

Where husband sued wife on note, given in settlement of property interests during pendency of divorce action, and evidence did not raise issue of mutual mistake, court did not err in instructing verdict for plaintiff.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by George K. Whaley against Alice Whaley. From a judgment for plaintiff on an instructed verdict, defendant appeals. Affirmed.

Frank A. Ogilvie, of Fort Worth, for appellant.

Mayer, Rowe & Brown, of Fort Worth, for appellee.

STANFORD, J. Suit by appellee against appellant on a promissory note for the principal sum of $225, dated August 7, 1924, due 60 days after date and providing for 10 per

cent. interest from date and 10 per cent. attorney's fees. Appellant answered to the effect that said note was given in settlement of the balance due appellee by appellant in the settlement of the property rights during the pendency of a divorce suit by appellee against her, but that they were still husband and wife, and she being a married woman at the time she signed said note, same was not binding on her, etc. Also, that said note was without consideration, etc., and was given by her to induce appellee to secure from her a divorce, etc., and was given by mistake, etc. At the conclusion of the evidence the court instructed a verdict for appellee for the amount of said note, and, verdict being so returned, judgment was accordingly rendered for appellee for the amount of said note.

### Opinion.

Under appellant's first assignment she contends the court erred in sustaining appellee's special exception to her answer, wherein it was alleged that the appellant was attempting to vary, change, alter, and contradict the terms of a written contract, etc. The record discloses that appellant and appellee were married April 14, 1924; that on August 7, 1924, appellee filed suit against appellant for divorce; that during the marriage relation appellee advanced to appellant $500; that on August 8, 1924, in order to effect a settlement of their property rights in case the divorce should be granted, it was agreed that their living expenses should be deducted from said $500, and appellant would give appellee a note for the balance; that appellant referred to her books where she had kept an account of the living expenses, and same amounted to $275, and it was then agreed she would give appellee said note for $225, and the note sued upon was executed by appellant and the following written agreement executed:

"The State of Texas, County of Tarrant:

"This contract and agreement made and entered into this day by and between G. K. Whaley and Alice Whaley, husband and wife, is as follows:

"Whereas, the parties hereto have separated and a divorce suit is now pending between the parties, in order to settle the property rights existing between the parties in the event a decree of divorce is granted, the parties hereto have agreed as follows:

"That Alice Whaley is indebted to and promises to pay to G. K. Whaley the sum of two hundred twenty-five ($225.00) dollars, which sum represents the balance on an amount paid by G. K. Whaley out of his separate funds and for and on behalf of the separate estate of the said Alice Whaley; that the payment of said sum of two hundred twenty-five ($225.00) dollars to said G. K. Whaley is in satisfaction of all claims upon his part in the separate estate of said parties, and the community estate of said parties.

"Witness our signatures, at Fort Worth, Texas, this 7th day of August, A. D. 1924.

"Alice W. Whaley.
"G. K. Whaley."

[1] In her answer appellant alleged under oath, in substance, that appellee made her a gift of said $500, and so the note herein sued upon was without consideration. The court sustained a special exception to said pleading upon the ground that said pleading was insufficient as a basis for the introduction of parol evidence to vary or contradict the terms of a plain and unambiguous written contract of settlement and instrument in writing. We do not find it necessary to pass upon this assignment. The record discloses that appellant was permitted to testify fully as to the $500 furnished her by appellee, and in her evidence she does not testify that appellee made her a gift of said $500, but refers to it as an advancement. No other witness testified in relation to said matter. The evidence was insufficient to raise the issue of a gift to appellant. Appellant having been permitted to testify fully and in detail both on direct and cross-examination in reference to her receipt of said $500, without reference to said exception and without objection by any one, if the court did err as claimed, such error was harmless. Richey v. San Antonio (Tex. Civ. App.) 217 S. W. 214; Paddleford v. Wilkinson (Tex. Civ. App.) 194 S. W. 467; Hill v. Neese (Tex. Civ. App.) 160 S. W. 314; Souther v. Hunt (Tex. Civ. App.) 141 S. W. 359. We overrule this assignment.

Under appellant's second assignment she contends the court erred in sustaining appellee's special exception No. 5 to paragraph 5 of appellant's answer, wherein it was alleged that said note was given for an unlawful consideration, etc.; but the record discloses that this exception was by the court expressly overruled.

[2] Under her third assignment appellant contends, in effect, the court erred in instructing a verdict for the appellee because the issue of mutual mistake was raised by the evidence. We have examined the evidence carefully, and, without undertaking to set same out here, will say that it is our opinion that neither the testimony of appellant nor of appellee raises the issue of mutual mistake. On the date the note and contract were signed there was an accounting had then and there between the parties; that the matter of reaching the amount was left solely to appellant; that she took her figures and prepared her statement from her record kept solely by her, and when she reached her conclusion or result it was accepted by appellee as correct, and he settled with her on her own terms. Appellee kept no books and had no record of the amount expended during the few months they had lived together as husband and wife. Appellant kept a book in which she claimed she entered every item of expense; she prepared her statement from this book. There is no evidence whatever of any mutual mistake. Horan v. Long, 11 Tex. 230; Brown v. Levy, 29 Tex. Civ. App. 389, 69 S. W. 255; Kansas City Packing Box Co.

(287 S.W.)

v. Spies (Tex. Civ. App.) 109 S. W. 432. We overrule this assignment.

Finding no reversible error, the judgment of the trial court is affirmed.