### COCA-COLA BOTTLING CO. v. WAY ENGINEERING CO. (No. 2273.)

Court of Civil Appeals of Texas. El Paso.
May 2, 1929.

Rehearing Denied June 6, 1929.

L. D. Gayer, Lloyd Kerr, and J. A. Thomas, all of San Angelo, for appellant.

Matlock & Kelly, of San Antonio, for appellee.

WALTHALL, J. This case presents an appeal from an order of the district court of Bexar county overruling a plea of privilege to be sued in Tom Green county.

Plaintiffs, W. J. Way and K. W. Way, doing business under the firm name of Way Engineering Company, brought this suit in Bexar county against L. W. Walker and the Coca-Cola Bottling Company, a corporation, representing that Walker resides in Tom Green county, and that the Coca-Cola Bottling Company has its principal office and place of business in Tom Green county, and where its principal officers and its authorized agents reside, and are alleged to reside.

Plaintiff's amended petition upon which they went to trial alleges, in substance, that on the 2d day of April, 1925, plaintiffs and Walker, Walker doing business for himself in the name of Coca-Cola Bottling Company, or acting as the agent and representative of the Coca-Cola Bottling Company, entered into a sales contract whereby plaintiffs sold to defendants a refrigeration machine, describing same, and all auxiliaries to complete same, for a consideration of $2,499, payable in installments as alleged; that is, $374 cash, $373 upon the arrival of the machinery at its destination in San Angelo, and the balance of $1,752 to be paid in 12 installments of $146 each, and stating when each monthly installment to become due and payable. The petition alleges that defendants made the cash payment and agreed to pay the $373 on arrival of the machinery, and executed a note for the $1,752 payable at San Antonio, Tex., and payable in monthly installments of $146, as stated, and attorney's fees; then sets out the note in its verbiage; states that the note is given for the purchase price of the property described and its situation in San Angelo, title to remain in plaintiff until the note is paid, the property not to be removed nor disposed of or other liens given against it without written consent of plaintiff and other provisions not necessary to state. The note is executed by the Coca-Cola Bottling Company by L. W. Walker. It further states the note was placed in the hands of an attorney for collection, that it is past due; that defendants wired plaintiff canceling the order for the machinery and had refused to accept same and pay for same, plaintiff's willingness to deliver; states the amount due on arrival of the machinery, defendant's liability, and refusal to pay to plaintiff's damage; states that said contract and note were executed by Walker for the

benefit of himself and the Coca-Cola Bottling Company under which name Walker was then doing business, that Walker was and still is owner of the Coca-Cola Bottling Company whether it is a corporation or a name under which he was doing business; and states plaintiff's want of knowledge as to whether the Coca-Cola Bottling Company was a corporation; and states other facts in reference thereto not material to state here; and prays judgment for its debt, etc. Plaintiff dismissed its suit against Walker personally.

The defendant Coca-Cola Bottling Company pleaded its incorporation and filed its plea of privilege to be sued in this case in Tom Green county, alleging that "it was not and is not at the time of filing such plea a resident of, and did not and does not at any of such times have its domicile, or office, or principal place of business in Bexar County, Texas, the County in which such suit was instituted"; and alleged its domicile, its office and principal place of business at all times to be in Tom Green county, Tex., and that "no exception to exclusive venue in the County of one's residence provided by law exists in said cause"; and prayed "the court to sustain this plea of privilege." The plea was verified by Walker.

Plaintiff filed a controverting answer to defendant's plea of privilege. The controverting plea is practically a restating of its amended petition, stating that its cause of action sued upon arose out of the execution of the conditional sales contract signed by the Coca-Cola Bottling Company by Walker, that the defendant company was a corporation at the time of signing said contract, and that Walker was its president; restates certain provisions of the said contract as to when its binding effect takes place, and as to when and the terms upon which the machinery sale was to take place, and the provision therein that the purchaser promises and agrees to pay the seller (plaintiff) or order, at its office in San Antonio, Tex., the sum of $2,499, and how and when paid, as in the petition stated; that the deferred balance to be represented and expressed in said $1,752 note, the execution of said note made payable at San Antonio, Tex.

On the hearing the plea of privilege was overruled, and defendant, Coca-Cola Bottling Company, excepted and from the order overruling its plea prosecutes this appeal.

### Opinion.

Appellant presents several propositions, in effect, that a contract in writing, to confer venue in a county other than that of the defendant's residence, must be such as may be made the basis of the suit undertaken to be maintained thereon; that the contract declared on by appellee is not such a contract, the date of the delivery of the machinery not being specified in the instrument sued on nor in the petition; that the promissory note given in part for the purchase price of the machinery to be delivered in the future, and made payable in monthly installments, leaving the maturity dates of the installments blank, is insufficient to confer venue in a county other than that of the defendant's residence; that the writing, to confer venue in a county other than the residence of the defendant, must be such as to support the cause of action pleaded; that the contract in writing not finally delivered nor completed so as to form an agreement will not confer venue in a county other than the defendant's residence.

The statement of the writing made the basis of appellee's cause of action as above set out is sufficient, we think, to show the pertinency of the above several propositions. The note sued on is substantially as follows:

"$1752.00    No. 1.    April 2, 1925.

"For value received, I, we and each of us, promise to pay to Way Engineering Company, or order, at San Antonio, Texas, the sum of Seventeen Hundred and fifty-two Dollars, in installments as follows, to wit: $146.00 on ——— day of ———, 1925."

Then follow each installment of the same amount, except that as to several of the last-stated installments the year is written "192–." The note then recites that it was given for the purchase price of the machinery, and states the conditions of sale of the machinery, and other matters not material to the question presented here.

On the hearing on the plea appellee offered in evidence the sales contract and note declared upon and depositions of Walker taken by appellee. Walker testified that he signed the sales contract as agent or representative of the Coca-Cola Bottling Company, and that he was then its president and general manager; that the note or notes were delivered to appellee to become valid upon delivery of the machinery in San Angelo; that the machinery and equipment were never delivered; that after the time for the delivery and same had not been delivered he ordered the contract canceled.

The evidence is not controverted. Appellant refers us to Johnson Const. Co. v. First National Bank of Brenham (Tex. Civ. App.) 260 S. W. 1091, as sustaining its propositions. The case, in our opinion, is not in point. The sole question involved in that case, as stated in the opinion, was whether or not there was such a contract in writing within the purview of subdivision 5, art. 1995 (1830) R. C. S., as bound the appellants to answer the suit in a county other than the county of their residence and stating the law to be that "the contract in writing," with which that subdivision of the statute deals, contemplates only such an obligation as may be made the basis of a suit, and referred to Bomar Cotton Oil Co. v. Schubert (Tex. Civ. App.) 145 S. W. 1193; Ogburn-Dalchau Lumber Co. v.

Taylor, 59 Tex. Civ. App. 442, 126 S. W. 48. The court held on the facts that no such obligation in that case was shown. In that case the bank had requested bids for the construction of the bank building. Only the bid to construct the building and acceptance of the bid were in the writing. The Court said: "The plans and specifications furnished the bidders showed upon the face of them not only that vital and controlling features of the contract herein sued upon—that is, one for the construction of the building itself, and not merely the preliminary steps of submitting a bid on prescribed conditions—were not only not provided for, but also that it was not intended by the parties to be complete until a further and formal agreement in writing had been drawn up and executed between them; under that state of case, by unanimous voice of the authorities, no venue can be fixed out of the county of one's residence under a statute like that here invoked."

It will be seen that the court was discussing a bid for a contract and the incompleteness of the contract and not the incompleteness of the work to be done under the contract, as here. In other words, in that case the contract was not finished, only a bid for a contract and an acceptance of the bid; the parties contemplating that a contract embracing the plans and specifications and other provisions that go into a building contract were yet to be executed. The court distinguished that case on its facts from Brown v. Levy, 29 Tex. Civ. App. 389, 69 S. W. 255, in which nothing was left to future determination, even the stipulations as to the bond, and the specifications being included in the bid.

Here is shown a contract in writing, apparently complete in all its parts, promising to pay a stipulated sum of money at stated times, and to a named payee, the place of payment stated to be at San Antonio, Tex. It seems that all that is necessary to a complete contract to perform an obligation in a particular county is found in the contract before us. The merits of the controversy arising on the performance of the contract are not before us. Bradley v. Trinity State Bank (Tex. Com. App.) 14 S.W.(2d) 810.

The case is affirmed.