### MAGNOLIA COMPRESS & WAREHOUSE CO. v. DENNIS et al. (No. 1840.)

Court of Civil Appeals of Texas. Beaumont. June 18, 1929.

Rehearing Denied July 10, 1929.

S. G. Croom and Conrad J. Landram, both of Houston, for appellant.

Fouts, Amerman, Patterson & Moore, of Houston, for appellees.

HIGHTOWER, C. J. The appellant, Magnolia Compress & Warehouse Company, prosecutes this appeal from a judgment in favor of appellees, W. L. Dennis, A. M. Tomforde, and E. Tomforde, composing the firm of Dennis & Tomforde, for the sum of $6,064.01, with interest on that sum from the date of the judgment at the rate of 7 per cent. per

annum. This was the full amount sued for by the appellees, who were the plaintiffs below, and judgment was rendered upon a jury's verdict peremptorily instructed in favor of the appellees.

Appellees alleged as their cause of action the following, in substance: That they, at the special instance and request of appellant, procured and had written for appellant a number of policies of insurance, for which the usual and customary charges were made and for which payments had been made from time to time by appellant, as shown by Exhibits A and B that were attached to the petition. These exhibits are very lengthy and show in detail the many policies that were written and caused to be written by appellees for appellant, the nature of the insurance, the rates of premium charged therefor, and the payments that had been made at stated times by appellant therefor, etc. The period of time covered by these transactions, shown by the exhibits attached to the petition, was from July 1, 1924, to June 6, 1926, and the payments made by appellant extended from about October 13, 1924, to June 4, 1927.

Appellees further alleged that on June 28, 1926, appellant was in possession of a number of fire and tornado insurance policies written by appellees, which would expire on July 1, 1926, and that on that date appellant owed appellees the sum of $12,371.51, being the full amount of premiums and unpaid interest, as the parties themselves had agreed upon.

In this connection we quote from the petition: "That the firm of Dennis & Tomforde" (this firm was the successor to W. L. Dennis & Co., who had written insurance for appellant some time before the organization of Dennis & Tomforde) "was unwilling to renew said policies of insurance unless satisfactory arrangements were made for the payment of said debt and securing of the premiums on future policies. That on June 30, 1926, the Magnolia Compress & Warehouse Company, acting through C. S. Kinney its president, had their auditor check up with the auditor of Dennis & Tomforde the condition of the account and it was agreed by and between Dennis & Tomforde and the Magnolia Compress & Warehouse Company that on June 30, 1926, the balance due from the Magnolia Compress & Warehouse Company to Dennis & Tomforde was the principal sum of $11,309.13, plus accrued interest at the rate of 7 per cent. per annum, amounting to $1,062.38, making a total of $12,371.51. It was further agreed that Dennis & Tomforde would thereupon rewrite and renew the insurance required by the Magnolia Compress & Warehouse Company, and that the insurance was to be paid for in installments beginning $2,000 on September 1, 1926, and $3,000 a month thereafter until the entire account had been taken care of."

Appellees then alleged, in substance, that appellant continued to make payments of this claimed account for a period of approximately seven months after June 30, 1926, as it had agreed to do, but that, after about the expiration of seven months thereafter, appellant declined to make further payments on the indebtedness due appellees, as shown by the agreed account, and that appellees were forced to bring this suit to collect the balance of the account, as stated between the parties, and prayed for judgment accordingly.

Appellant, after general demurrer and general denial, specially denied that it was indebted to appellees in the amount sued for by them, and specially averred that, prior to the issuance of any of the policies mentioned in the petition of appellees, a certain contract was entered into between W. L. Dennis & Co., predecessor of the present appellees, and appellant, acting by and through its president, C. S. Kinney, by the terms of which it was agreed that W. L. Dennis & Co. should write and procure certain insurance policies on appellant's properties, including all of the fire and tornado insurance which it desired, and that W. L. Dennis & Co. agreed that the premium rates on such insurance would not exceed the rates and premiums which any other reliable company doing business in the city of Houston, Tex., would charge for such insurance. Appellant then alleged a breach of this contract by appellees, in the following respects:

"(a) Plaintiffs adopted a form of tornado policy in writing the defendant's tornado insurance which carried a substantially higher rate than other forms of tornado insurance policies.

"(b) That the rates charged for the form of tornado policies procured for defendant by plaintiffs were incorrect and excessive and not the usual and customary rates.

"(c) That in calculating the rates charged the defendant for its tornado insurance during the years 1924, 1925 and 1926, the plaintiffs placed higher values and a greater amount of tornado insurance on that class of property which carried a higher basic rate, and a lesser amount of insurance and a smaller value on buildings which carried a lower rate, thereby greatly increasing the average rate charged the defendant for its tornado insurance, and thereby greatly enhancing the total premiums charged defendant.

"(d) That other companies operating in Houston, Texas, would have written similar tornado policies in the same amounts at the same time at a premium and rate much less than that charged the defendant by plaintiffs, to defendant's damage in the sum of $3,000."

Appellant made further defensive allegations showing a breach by appellees of the contract under which they were to write insurance for appellant, but these become immaterial in the view we take of this case.

Appellant further specially denied that

it made any agreement as to the balance due by it to appellees on June 30, 1926, as alleged by appellees, and further averred that, if any such agreement was made between it and appellees as to the amount due by appellant at that time, such agreement was made under a mutual mistaken belief that the premiums which had been charged the appellant by appellees were correct, and in accordance with their contract, and that such agreement would not have been made by appellant had it not been for such mutual mistake of fact; that, if any agreement was made between appellant and appellees as to the amount due on June 30, 1926, it was made under the mutual mistaken belief that the values used by appellees in writing the tornado insurance in 1924 and 1925 represented 50 per cent. of the actual cash value of the property covered; that, if any agreement was made as to balance owing appellees by appellant as of June 30, 1926, it was made under the mutual mistaken belief that the rates charged appellant for its tornado insurance for the years 1924 and 1925 were the lowest obtainable from responsible insurance companies operating in Houston, Tex., at said time.

Appellant further averred, in substance, that the interest charged by appellees against it had been incorrectly figured and that there was no agreement to pay any interest subsequent to June 30, 1926, on the account at the rate of 7 per cent. per annum, as alleged by appellees.

Appellant then, by way of cross-action, alleged, in substance, that it had been damaged in the sum of approximately $3,000 on account and in consequence of the breach by appellees of their contract with appellant to write insurance for it upon the terms as they had bound themselves to do.

By supplemental petition, appellees denied the allegations of fact made in the answer of appellant, and further averred that appellant was estopped to assert the defenses raised by it after it had received and had the benefit of the insurance policies written for it by appellees without any objection as to rates of premiums charged or calculations of interest made or any other matter of which appellant now seeks to complain.

As we have shown in the beginning, a jury in this case was demanded, but upon conclusion of the evidence the verdict was peremptorily instructed for appellees for the amount sued for by them. This action of the court is challenged by proper assignments of error and relevant propositions advanced by learned counsel for appellant, some of which present rather nice and close legal questions, but, in the view we take of the undisputed evidence in this case touching the agreement had between the parties, as shown by the correspondence between them, relating to the plea of account stated and estoppel interposed by appellees in this case, it becomes entirely unnecessary to pass upon or consider such other legal questions.

The undisputed evidence in this case shows that the appellees are insurance agents in the city of Houston and as such represent a number of insurance companies in that vicinity, and, beginning about the first of the year 1924, they wrote and procured to be written a large number of insurance policies covering properties owned by appellant and continued to write and rewrite such policies throughout the years 1924, 1925, and 1926, and furnished the money out of their own pockets to pay the premiums on a number of occasions for this insurance, for the benefit and protection of appellant.

On June 12, 1926, appellees, acting through their manager, W. L. Dennis, wrote to appellant the following letter:

"Mr. C. S. Kinney, President, Magnolia Compress and Warehouse Company, Cotton Exchange Building, Houston, Texas. Dear Sir: Re—Magnolia Compress renewals. You have a large amount of insurance expiring during the months of July and August. I wish you would please write me a letter authorizing these renewals and do so as early as convenient, as the schedule is very large and requires considerable work to re-write.

"Thanking you in advance for your kindness in this connection, I remain,

"Yours sincerely, Manager."

On June 14, 1926, appellant, in answer to the letter just quoted wrote to appellees the following:

"Mr. W. L. Dennis Manager. * * * Dear Sir: Answering your letter of the 11th," (evidently meaning the 12th) "regarding renewals of our insurance policies during July and August.

"We want each of our policies renewed as they expire and would like your firm of Dennis and Tomforde to handle them for us.

"We will notify you of any change in amounts at the time of renewal.

"Very truly yours,

"Magnolia Compress & Warehouse Co.,

"By C. S. Kinney."

On June 29, 1926, appellees wrote to appellant as follows:

"Magnolia Compress and Warehouse Company. Cotton Exchange Building, Houston, Texas. Attention Mr. C. S. Kinney, President. Dear Mr. Kinney: With reference to the Fire and Tornado Insurance expiring on the compress on the first day of July, I beg to advise that I do not feel that we can renew this business for you without some definite understanding and agreement as to the payment of the premium now past due, and this new premium which will be charged to your account on July 1st.

"Mr. C. B. Cooper" (the record shows that

Mr. Cooper is one of the officials of appellant) "was in my office yesterday and in general this matter was brought to his attention. He suggested an arrangement that may be acceptable to us, and I will appreciate very much your having a talk with him and writing me a letter in line with his suggestions. I hope that you will be able to get this letter to me early tomorrow morning as the policies should be written and the companies notified. not later than Wednesday noon.

"Sometime ago you agreed to send us a check for the interest which was charged on this account as per agreement, which at that time amounted to about $275.00. Recently Mr. Cox has checked this interest item with our Auditor, Mr. Mansell, and they find interest due and including June 20, 1926, to be $1,062.38. We do not think that you should ask us to make any further credit arrangements with you until you have issued us voucher in payment of this interest. I am personally very anxious indeed to do everything I can at this time, as I have always been, to help the Magnolia Compress and all persons interested. I do not feel, however, that I can continue to carry this burden and add to it the additional premium of approximately $5,500 necessary to renew the policies expiring on July 1st.

"Very truly yours,
"Dennis & Tomforde."

On June 30, 1926, appellant wrote to appellees the following letter:

"Dennis and Tomforde, State National Bank Building, Houston, Texas. Dear Sirs: Attention Mr. Dennis. Replying to your letter of the 29th with reference to payment of premium now past due and premiums to be charged on new business after July 1st.

"Mr. W. J. Cooper had discussed with me the plan he talked with you about to take care of these premiums and I believe the payment as suggested by him can be taken care of by the Magnolia Compress and Warehouse Co.

"Our Mr. Cox has recently checked these premiums with your Mr. Mansell and at the present date the account shows an unpaid balance totaling $11,309.13, plus accrued interest of $1,062.38, making a total of $12,371.51.

"The schedule of payments as suggested by Mr. Cooper, which he says you agreed to, included your carrying new insurance to be taken out after July 1st this year, for sixty days, and if not paid by that time that you would still carry for a longer period and charge us interest at the rate of 7%. This new insurance and accrued premiums to be paid off by a first payment of $2,000 on September 1st, 1926, and $3,000 a month after that, until the entire account had been taken care of.

"This arrangement is satisfactory and the

Magnolia Compress & Warehouse Co. will be able to make them in this order.

"Very truly yours,
"Magnolia Compress & Warehouse Co.,
"By C. S. Kinney."

The record in this case further shows without contradiction that appellant's board of directors understood fully and recognized the extent of the indebtedness claimed against it by appellees and fully authorized the active officials of appellant to enter into agreement with appellees for its payment, as was done by the letter of June 30, 1926. For we find in the record a copy of a resolution passed by appellant's directors, as follows:

"I, C. B. Cooper, Secretary of the Magnolia Compress & Warehouse Company, hereby certify that at the meeting of the Board of Directors of said Company, held on the 21st day of August, 1925, the following resolution was unanimously adopted.

"Whereas, the proper officers of the company having entered into certain contracts for the writing of necessary insurance of various kinds on the properties and operations of the company with W. L. Dennis and Company, the aggregate premium of which is approximately $12,000.00, and said W. L. Dennis desired to have said action ratified and confirmed by the Board of Directors:

"Therefore, be it resolved, that said action of said corporation and its officers be approved and that said premiums due for said insurance be and the same are hereby recognized as a valid obligation on the part of the corporation.

"In evidence of which I hereby affix my signature as secretary of said corporation and affix its seal, this the 24th day of August, A. D. 1925.
"C. B. Cooper, Secretary."

In addition to allegations contained in the petition of appellees, as already shown in this opinion, there was this further allegation: It was alleged, in substance, that the new insurance furnished to appellant by appellees was written as agreed in the 'correspondence already shown above, "and in consideration of the obligation of the Magnolia Compress & Warehouse Company to pay its old account as above stated, together with 7 per cent. interest on the amount then due, and on the policies to be written and for which payment was to be made as agreed."

It was also alleged by appellees, in substance, that they, as agents, had paid their companies for the premiums involved in this suit, and were therefore subrogated to the rights of such companies to any and all premiums due by appellant on the insurance written for it, and the proof in support of this allegation was full and ample and without contradiction.

Now the contention made by counsel for appellant, and presented by their proposi-

tions from 1 to 8, inclusive, is, in substance, that there were several issues of fact that were made by the special averments in its answer in this case, and that these several issues of fact had support in the evidence adduced upon the trial, and that they should have been submitted to the jury as issues of fact instead of being ignored by the trial court, as was done when the court peremptorily instructed the jury to find in favor of appellees for the full amount sued for. If counsel for appellant are correct in their contention that some of the issues of fact tendered by appellant's answer had sufficient support in the evidence to carry them to the jury, which point we have not stopped to determine, yet we are convinced and have concluded that such claimed issues of fact became wholly immaterial to the right of the appellees to recover the amount sued for by them in this case, because we feel certain that the correspondence (that is, the several letters passing between the parties) which we have already copied in this opinion, commencing with the letter from appellees to appellant, dated June 12, 1926, and concluding with the letter from appellant to appellees, dated June 30, 1926, show without dispute, and as a matter of law a full and complete stated account between the parties, as alleged by appellees in their petition, especially when supplemented by the resolution of appellant's board of directors, as we have shown it above, and that this correspondence and other undisputed evidence in this case show beyond any controversy that appellees were entitled to recover the full amount that was awarded them by the judgment in this case on their pleas of "account stated" and their plea of estoppel. This would not be true, of course, if appellant had sustained by proof its defensive allegation that any agreement on its part, if made as claimed by appellees, was the result of a mutual mistake. But we have searched this record carefully and we have been unable to find any evidence of any probative force whatever that sustains the defense of mutual mistake in the contract sued on by appellees. And, since there was no allegation of fraud contained in appellant's answer, or even concealment of any material fact from it by appellees, the trial court was correct in peremptorily instructing the verdict in favor of appellees upon its plea of account stated, regardless of any other issue of fact that might have been raised by the pleadings and evidence in this case. Generes v. Security Life Insurance Co. of America (Tex. Civ. App.) 163 S. W. 386; Finks et al. v. Hollis, 38 Tex. Civ. App. 23, 85 S. W. 463; Brown v. Levy, 29 Tex. Civ. App. 389, 69 S. W. 255; Taylor Cotton Oil Co. v. Early-Foster Co. (Tex. Civ. App.) 204 S. W. 1179; Price v. Biggs (Tex. Civ. App.) 217 S. W. 237; Continental Supply Co. v. Robertson, 166 Ark. 52, 265 S. W. 659; Tom v. Roberson (Tex. Civ. App.) 182 S. W. 698; Travelers' Insurance Co. v. Jones, 32 Tex. Civ. App. 146, 73 S. W. 978.

It would serve no useful purpose, but would only be the useless consummation of time to discuss other contentions made by appellant in this case, and from these conclusions it follows that the trial court's judgment should be affirmed, as we have already ordered.

#### On Motion for Rehearing.

It is not our purpose to deliver a written opinion on this motion, but only to briefly remark, in deference to the earnestness of able counsel for appellant, that we have no doubt of the correctness of our original opinion relative to the "old account," and that, as to the "new account," appellant was effectually met by the plea of estoppel interposed by appellees. It would serve no useful purpose to write at greater length in disposing of this motion.

The motion for rehearing is overruled.